Borenstein, J.
Judy Papandrea (“plaintiff’) brought this sexual harassment action against her former employer, Northeast Security, Inc. (“defendant”), and her former supervisor, Michael Farrell (“Farrell’’). Plaintiff raises this motion following a discovery dispute concerning information about harassment complaints by other employees. After a hearing, for the reasons set forth below, the motion is ALLOWED in part and DENIED in part.
Plaintiff states the following: On December 5, 1995, plaintiff deposed Sheila Lawn Quinton (“Quinton”), defendants’ personnel director. Quinton refused to provide information about other individuals who alleged sexual harassment, and the deposition was suspended. The court (Neel, J.) ordered defendants to provide all information reasonably related to plaintiffs claims, specifically other employees’ complaints of sexual harassment and discrimination. The employment records of other complaining employees were explicitly included in the order.
When the deposition resumed, Quinton stated that no other employees had made complaints against Farrell. She later provided the employment files of two other employees and represented that they comprised the total of employees who internally complained of sexual harassment. One of these two employees informed plaintiffs counsel of another employee, Susan Bradford, who had complained about Farrell. When plaintiffs counsel requested Bradford’s file, defense counsel refused to provide it. At hearing, defense counsel gave no excuse or explanation for this conduct.
Plaintiff also alleges that defense counsel urged Bradford to oppose the release of her employment file, and insinuated that if she gave the file to plaintiff, damaging information contained in the file would become public. At hearing, defense counsel urged a different interpretation of the conversation, stating that he merely wished to advise her of the possible consequences of making her personnel records available to the public, including the suggestion that the media are also present in courtrooms. This explanation is highly suspicious in light of Judge Neel’s instruction that any privacy concerns about employee records should be addressed to the court and should not prevent the release of such records to plaintiffs counsel.
Because defense counsel flagrantly violated Judge Neel’s order to turn over employment records of employees who had complained of sexual harassment, the court orders that defense counsel pay plaintiffs attorneys fees in the amount of $450.00 pursuant to 37(b)(2). The court also orders, in reiteration of Judge Neel’s order, that defendants immediately turn over the employment files of all present and former employees who have complained of sexual harassment or sex discrimination, either internally or to MCAD or the courts. Any further violation of this order may be considered contempt of court and will result in additional sanctions.
ORDER
For the foregoing reasons, it is therefore ORDERED that defense counsel pay $450.00 in attorneys fees to plaintiffs counsel no later than January 26, 1996. It is further ordered that defendants immediately turn over to plaintiff the employment files of all present and former employees who have complained of sexual harassment or sex discrimination, either internally or to MCAD or the courts.